May Term, 1845.

DANIELS
v.
RICHIE.

---

*Monday,*
*June 2.*

---

DANIELS and Another, Executors, *v.* RICHIE and Others.

If a defendant having craved and obtained *oyer* of an instrument declared on, demur to the declaration without spreading the instrument on the record, the demurrer stands as if *oyer* had not been craved.

A declaration is not objectionable because it describes the plaintiffs as executors, and sets out a cause of action in their own right.

May Term,
1845.

DANIELS
v.
RICHIE.

Monday,
June 2.

ERROR to the *Allen* Circuit Court.

DEWEY, J.— *T.* and *W. Daniels*, describing themselves as "the executors of the estate of *J. Daniels*," brought an action of covenant against *Richie, M'Mahan,* and *Lasselle.* The declaration sets out a demise under seal, executed by the plaintiffs and the defendants, by which the former leased to the latter certain premises for three years; and by which the defendants covenanted to repair, fence, and clear, &c., the leased premises, and to pay to the plaintiffs a certain yearly rent. The declaration also alleges that the defendants entered into the possession of the premises, and held them for the specified time. The breaches assigned are, that the defendants did not repair, fence, clear, &c., and did not pay the rent. No *profert* of letters testamentary is made. The defendants craved *oyer* of the lease, and of the letters testamentary, which was granted. They then demurred to the declaration generally, but did not spread the instruments of which *oyer* had been granted upon the record. Demurrer sustained, and judgment for the defendants.

The ground assumed in support of the decision of the Circuit Court is, that the plaintiffs had no authority, as executors, to make a lease; and cannot, therefore, sustain this action.

We do not think this ground is open to the defendants in error. Having omitted to set out the lease and letters testamentary, (of the latter of which the defendants had no right of *oyer*), their demurrer stands as if no *oyer* of those instruments had been craved. They form no part of the record, and we must confine our view of the cause to the declaration. In that the plaintiffs are indeed described as executors, but it does not appear that the cause of action accrued to them in that capacity; they are not alleged to have demised the premises as executors; nor are the premises averred to have belonged to the testator; but the covenants are laid to have been made to the plaintiffs individually. Even had the lease been shown to have been made by the plaintiffs in their capacity of executors, and the covenants had been made to them in the same capacity, we could not have pronounced the instrument void. The will, from which they derived their authority, might have empowered them to make the lease. But as the pleadings stand, the question of their authority does not arise. And there is also another question not necessary

to be now determined, which may have some bearing on the merits of the cause; and that is, whether if the plaintiffs had no legal authority to make the lease, the defendants who actually enjoyed the premises under it, can question the title of their landlords. Viewing the declaration as setting forth a lease made by the plaintiffs personally, and containing covenants by the defendants to them personally, which are alleged to have been broken, we consider it good, and that the demurrer should have been overruled.

May Term,
1845.

*D. H. Colerick* and *J. G. Walpole*, for the plaintiffs.

*D. Wallace*, for the defendants.